UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| GREGGORY ROBERT NORTH | ) CASE NO. 19-51730-PMB |
| MELANIE ANN NORTH | ) |
| | ) |
| DEBTORS. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtors have failed to file Employment Deduction Orders.

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtors' attorney should timely provide proof of Debtor/Husband's second employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. Pursuant to testimony at the meeting of creditors, the Debtors have not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtors should provide evidence that the tax returns have been filed for 2014, 2015, 2016, 2017, and 2018.

4. The Debtors have failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

5. The Trustee requests proof that Debtors have paid the post-petition mortgage payments for Debtors' residence in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

6. Schedule A fails to correctly reference the correct fair market value of $460,000.00 on real estate which is the subject of this Chapter 13 estate.

7. The proposed budget reflected in the Debtors' schedules appears to provide insufficient funds for ordinary living expenses and may indicate that the Plan is not feasible. 11 U.S.C. Section 1325(a)(6).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. Based upon a review of the Debtors' payslip, it appears that the Debtors' net monthly income as reflected on Schedule I may be overstated. The payslip reflects net monthly income of $2,195.70 and gross monthly income of $2,513.44, while Schedule I reflects net monthly income of $3,311.00 and gross monthly income of $3,800.00. The Debtors' Plan and Schedules should be amended accordingly. 11 U.S.C. Section 1325(a)(6).

9. According to testimony at the Section 341 Meeting of Creditors, Schedules I and J do not reflect Debtors' current income and expenses and should be amended. Specifically, Debtor/Husband is now employed at Universal Alloy Corporation making $13.85 per hour and Georgia Borders making $1,800.00 per month. The Trustee requests proof of income from the new employment in order to evaluate whether the Plan complies with 11 U.S.C. Section 1325(a)(6) and 1325(b)(1)(B).

10. The Debtors propose to retain real property with pre-petition arrearage of $34,000.00 and no equity, while paying unsecured creditors a zero percent (0%) dividend. Based on the foregoing, the proposed plan may violate 11 U.S.C. Section 1325 (a)(3).

11. The Debtors propose a zero percent (0%) composition plan with $800.00 per month payments while retaining real property that has a monthly mortgage payment of $2,637.00. The mortgage payment accounts for approximately forty-two percent (42%) of the Debtors' monthly income. The plan may not be proposed in good faith and the Debtors are contributing an excessive amount of disposable income to the retention of this real property, possibly in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b)(1)(B).

12. The Chapter 13 Schedules reflect an exemption of $3,241.00 for personal property. The Chapter 13 Trustee objects to the exemption because the amount of the exemption exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100(a)(6).

13. The Chapter 13 plan proposes to pay $5,750.00 to the Debtors' Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtors' counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

14. The Chapter 13 Trustee requests information and documentation regarding the sale by Debtors of real estate located at 5309 Cross Creek Cove, Acworth, Georgia in order to determine whether the Chapter 13 Plan complies with 11 U.S.C. Sections 1325(a)(3), (a)(4), (a)(6) and/or (b)(1)(B).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Melissa J. Davey
Melissa J. Davey
Chapter 13 Trustee
GA Bar No. 206310

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| GREGGORY ROBERT NORTH and | ) | CASE NO.: 19-51730-PMB |
| MELANIE ANN NORTH | ) | |
| | ) | |
| DEBTORS. | ) | |

19-51730-PMB            **CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Lisa F. Caplan     lcaplan@rubinlublin.com, ruluecf@gmail.com;akhosla@rubinlublin.com;nbrown@rubinlublin.com;mhashim@rubinlublin.com;jdabbs2@rubinlublin.com;RULUECF@GMAIL.COM;BKRL@ecf.courtdrive.com
E. L. Clark     ecfnotices@cw13.com, cwatlantabk@gmail.com

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

DEBTOR(S):
GREGGORY ROBERT NORTH
MELANIE ANN NORTH
108 MADISON STREET
HOLLY SPRINGS, GA  30115

March 28, 2019.

/s/     _____
Melissa J. Davey
GA Bar No. 206310
Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450